UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-CR-11-DCR |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION[1] |
| | ) | |
| MARSHALL DEWAYNE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\*

The Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). Procedurally, the hearing followed a *sua sponte* order for examination by District Judge Reeves. *See* DE #23 (Order). The Court stayed further pretrial proceedings pending results of Defendant's psychological evaluation. *See* DE #27 (Order continuing motions hearing); DE #40 (Order by Judge Reeves to continue trial). The evaluation, by order of the District Judge, encompassed both competency and criminal responsibility.[2] *See* DE #23.

The evaluation occurred, as ordered by the Court. *See* DE #78 (Sealed Psychiatric Report). All parties had access to the resulting eleven-page forensic report on competency (referenced as the "Report") issued by licensed BOP psychologist Dr. Christina A. Pietz and psychological trainee Ms. Shannon Griswold. The parties also had Dr. Pietz's and Ms.

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g.*, *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially considered dispositive).

[2] Williams also has now noticed an insanity defense. *See* DE #82 (Notice).

1

Griswold's curricula vitae. *See* DE #80 (Sealed Documents). In the Report, Dr. Pietz and Ms. Griswold opine that Williams is competent for trial purposes.

After receipt and circulation of the Report, the Court set a hearing, *see* DE #77 (Order), and the parties appeared with counsel. During the course of that hearing, the parties stipulated to admissibility of the Report, as well as to the Report's finding of competency and Dr. Pietz's qualifications. Defendant additionally offered sworn testimony in support of competency. The parties waived the introduction of other proof and argument in opposition and waived the right to cross-examine the evaluator. Dr. Pietz was available by phone, but neither side elected to examine her.

Section 4241 codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 80 S. Ct. at 789; 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4241(c) (referencing Section 4247(d) for hearing procedure); 18 U.S.C. § 4247(d).

Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework **suggests** that the defense

bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not in any way disputed as to the competency conclusion, so the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

With a stipulation as to both the admissibility and ultimate conclusion of the Report, the only proof as to current competency is the expert analysis of Dr. Pietz and Ms. Griswold and the sworn testimony of Defendant. The Report reflects an extensive period of personal observation, full review of medical history and status, sufficient psychological testing, and a thorough assessment of Williams's status relative to applicable competency standards.

The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Pietz and Ms. Griswold directly observed Williams via several interviews and subjected him to a battery of psychological testing. The evaluator also secured and reviewed relevant medical and court records, including prior competency evaluations and Bureau of Prison records. *See* DE #78 at 5-6.

The Report is a thorough and comprehensive assessment of Williams's mental and psychiatric condition, as well as an extensive relevant history. Notably:

- Defendant comprehended the purpose and scope of the examination. *See id.* at 3.

3

- Williams tested validly and was cooperative during most of the interviews. *See id.* at 7.

- Defendant received the following diagnoses: Undifferentiated Schizophrenia,[3] Narcissistic Personality Disorder, and Gastroesophageal Reflux Disease. *See id.* at 10.

- Williams demonstrated an ability to understand the court proceedings in the case. *See id.* at 10-12. He also acknowledged all court roles, the charges against him, and the role and centrality of counsel.

Dr. Pietz and Ms. Griswold accurately applied the *Dusky* standard in determining that Williams is competent. During discussions with Defendant, the evaluators elicited definitions of key terms and court personnel from Williams. Dr. Pietz and Ms. Griswold also evaluated Defendant's ability to comprehend the charge against him and to aid in his own defense. *See id.* Furthermore, the evaluators discussed each *Dusky* element in detail and in context, *see id.* at 11-13, and no evidence before the Court conflicts with his opinion. The Report's competency opinion stands unrebutted. Neither defense counsel nor Defendant provided any observations to conflict with the Report's competency conclusion. Although the evaluation did diagnose mental illness, the illness does not result in incompetency.

The testimony of Williams assisted the Court and provided additional support for the Report's conclusion that Defendant should be determined competent for trial. Williams responded directly and respectfully to questioning by defense counsel and the Assistant United

---

[3] Notably, Defendant takes no psychotropic medications. He reports no history of regular medication during BOP custody. He has been adjudged competent at least twice and as recently as 2008.

States Attorney. He reasonably explained the charges against him and the roles of defense counsel, the prosecutor, and the judge. Defendant noted his experience working in institutional law libraries as assisting his understanding. While Williams ultimately opposed Dr. Pietz and Ms. Griswold's specific diagnoses, except for the reflux,[4] Defendant endorsed the Report's ultimate conclusion that he should be determined competent to stand trial. The Court observed no relevant problems with Defendant's demeanor. While he undoubtedly holds strong opinions regarding issues of law, he appeared to understand that he could advocate, then had to respect the Court's decisions and appeal, as appropriate, those decisions with which he disagreed. The Court advised Williams to follow court procedures carefully and advocate at appropriate times and only on the matters at issue.

The Court finds no evidence to support that Defendant is not competent to stand trial, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, per section 4241(a), Williams is able to understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that the District Judge find Defendant competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per

---

[4] Williams also sought to advance a Rule of Evidence 404(b) argument to limit presentation of some of the Report to a jury. Use of the Report, except as to competency, is not before the Court at this time.

Rule 59(b) waives a party's right to review.

This the 25th day of January, 2011.

Signed By:
*Robert E. Wier* /s/ REW
United States Magistrate Judge