UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-CR-11-DCR |
| | ) | |
| v. | ) | ORDER and RECOMMENDED |
| | ) | DISPOSITION |
| MARSHALL DEWAYNE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On January 31, 2011, the Court concluded hearings related to Defendant's request for

self-representation and to any need for physical restraints on Defendant at trial. Counsel and the

parties appeared, as they had at a prior hearing on both matters, which the Court ultimately

continued to permit additional briefing (as to *Faretta*) and preparation.

I. Williams's Representation

The Court previously appointed Mr. Curtis as counsel under the CJA. *See* DE #7 (Minute

Entry). On that same day, Williams sent a notice to the Clerk indicating a desire for a form of

self-representation. *See* DE #6 (Defendant "invokes his right to self representation with right to

effective assistance of standby counsel"). His lawyer then filed a request for a *Faretta* hearing.

*See* DE #13 (Motion for *Faretta* Hearing). The Court set that hearing following competency

proceedings in the case. *See* DE #11-1 (Standing Pretrial and Trial Management Order) at 10

(establishing referral); DE #77 (Order).

At the initial hearing, Defendant phrased the right he purported to assert as a right to self-

represent with counsel's assistance. The Court noted Williams's misapprehension of the Sixth

1

Amendment dynamic but continued the hearing to allow all involved to clarify the issue through research and briefing. Both sides filed briefs. *See* DE #90 (Memorandum by United States); DE #91 (Response Brief by Defendant). The Court also allowed multiple breaks during the final hearing so that Williams could confer with counsel.

The Court stated the plain legal principles that apply. Notably, "[a] defendant may assert either his right to counsel or his right to present his own defense." *United States v. Cromer*, 389 F.3d 662, 682-83 (6th Cir. 2004). The two are "mutually exclusive rights." *See id.* Thus,

> While a defendant has a Sixth Amendment right to have counsel conduct his entire defense, . . . or to proceed pro se, . . . he has no constitutional right to demand "hybrid representation," such as conducting his own defense with the occasional assistance of counsel.

*Wilson v. Hurt*, 29 F. App'x 324, 327 (6th Cir. 2002). Thus, the metaphorical, "opposite sides of the same Sixth Amendment coin." *See Alongi v. Ricci*, 367 Fed. Appx. 341, 344 (3d Cir. 2010). For a waiver of the right to counsel to be valid and effective, a Defendant must clearly and unequivocally assert his right to proceed pro se, and the Court then must test the assertion and waiver of the right to counsel via the *Faretta* colloquy. *See Cromer*, 389 F.3d at 682.

Apprised of these principles, Williams nominally and at first did assert the right to self-representation. However, during the *Faretta* colloquy, following the requirements set forth in *United States v. McDowell*, 814 F.2d 245 (6th Cir. 1987), Williams equivocated repeatedly. That is, he consistently couched his asserted right as conditioned and dependent on also receiving the assistance of counsel. Williams sought to draw a conceptual line – not recognized in the cases or logically sound – between "representation" by counsel and "assistance" of counsel and argued that he would waive representation, but not assistance. Williams thus only provisionally asserted the right to proceed pro se, referencing multiple times his demand and expectation that he also

receive assistance from stand-by counsel. Williams agreed that he pursued pro se status only on the condition that he would be assisted at trial by counsel. He further contended that he would place constitutional reliance on such counsel – that is, Williams believed that, if stand-by counsel failed to assist him effectively, he could premise a post-conviction claim on such a default. Thus, Williams vacillated by, at one point in the colloquy, expressly stating that he was not waiving the right to assistance of counsel. He also declared his reliance on counsel for issues related to the Rules, to any sentencing issues, and to pursue investigation and discovery. He agreed that his asserted right to pro se status hinged on accompanying assistance by counsel.

Williams persisted in this vein despite the Court's express substantive corrections. The Court plainly stated that a pro se defendant has no constitutional right to stand-by counsel. *See United States v. Singleton*, 107 F.3d 1091, 1100-03 (4th Cir. 1997); *United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996). Further, and without doubt, a pro se defendant aided at trial by stand-by counsel cannot claim ineffective assistance of counsel under *Strickland* because the foundation of the assertion – representation under the Sixth Amendment – is absent. *See, e.g.*, *United States v. Oliver*, No. 09-10133, 2011 WL 38035, at *12 (5th Cir. Jan. 6, 2011) (slip copy) ("Moreover, as a pro se defendant, Oliver had no constitutional right to standby counsel. . . . 'Without a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel.'"). Williams rejected this legal premise, pairing his own right to self-represent with a continuing right to assistance of counsel.

Ultimately, the Court could not accept Williams's provisional waiver of the right to counsel. Upon examination under oath, Williams did not unequivocally assert his right to self-represent. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 946 (9th Cir. 2009) (noting as

**equivocal** request "where a defendant says: 'If the court will appoint standby counsel, I would like to represent myself.'"); *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) (noting that defendant whose requests to self-represent "were always accompanied by his insistence that the court appoint 'advisory' or 'standby' counsel to assist him . . . [meant he] never relinquished his right to be represented by counsel at trial. His requests to represent himself were not unequivocal.'"). Further, Williams's resistance to the legal reality of the Sixth Amendment dynamic led the Court to conclude that any counsel waiver would not be knowing and intelligent. Although the Court is quite cognizant of the primacy of Williams's right to self-representation, he has not asserted that right in a valid, binding manner.[1] As such, the Court determined to retain Mr. Curtis as counsel of record in the case.

## II. Restraints

Judge Reeves referred to the undersigned the assessment of potential restraints on Defendant. Williams faces an assault charge under 18 U.S.C. § 111 and a shank possession charge under 18 U.S.C. § 1791. *See* DE #1 (Indictment). He is in prison now under a lengthy sentence for a crime of violence, and he has a record (conviction included) of threatening communications. In a civil case in this District, Williams asserted, "I am authorized by law to

---

[1] The Court already found Williams competent under 18 U.S.C. § 4241 principles. Competency to stand trial is not necessarily identical to pro se competency. *See Indiana v. Edwards*, 128 S. Ct. 2379, 2388 (2008) ("That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves."). The Court has no doubt that Williams would be competent to self-represent. He just represented himself in the Western District of Tennessee. *See* Case No. 2:08-CR-20161-BBD (W.D. Tenn.). Further, Williams is highly literate, has significant familiarity with legal principles, communicates very well, and is an able advocate. It is his qualification on the right asserted, not competency, that prevents the valid waiver.

use force, up to and including lethal force, in order to protect myself and other citizens from all unlawful actions[.]" *See* DE #2 (Petition for Writ of Habeas Corpus) in Case No. 7:09-CV-127-SJM.

Any physical restraint at trial implicates due process. *See United States v. Miller*, 531 F.3d 340, 344-46 (6th Cir. 2008). A trial court must determine, in the exercise of its discretion, that any restraint is "justified by a state interest specific to a particular trial." *See Deck v. Missouri*, 125 S. Ct. 2007, 2012 (2005). A court must assess all security alternatives and make factual findings derived from an adversarial hearing. *See United States v. Perry*, Nos. 08-6219, 08-6220, 2010 WL 4569866, at *7 (6th Cir. Nov. 4, 2010) (slip copy) (requiring restraint use as "rarely as possible" and stating as predicate "a formal hearing with sworn testimony . . [to] resolve factual disputes and [provide] a meaningful record"); *Kennedy v. Cardwell*, 487 F.2d 101, 110-11 (6th Cir. 1973) (citing factors).

The United States initially indicated the need for some type of restraint. However, at the continued hearing, the United States withdrew the request for direct restraint. The prosecutor indicated that he had surveyed Williams's entire record, consulted the Marshal and BOP, and assessed the Frankfort courthouse, Williams's temperament, and Williams's age and personal characteristics. The United States intends to use one to two extra courtroom personnel to assure security. The defense stated no objection to one to two additional non-uniformed personnel as an added security measure.

Given the United States's position, the Court did not proceed further and could not recommend any additional restraint in this posture and on this record.

\* \* \*

As to Williams's representation, the Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Criminal Procedure 59(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review. *See, e.g.*, *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009).

Regarding restraints, the Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of that statute. As defined by section 636(b)(1) and Rule 59(b), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for de novo consideration by the District Court. The parties should consult the aforementioned statute and rule for specific appeal rights and mechanics. Failure to object in accordance with Rule 59(b) waives a party's right to review.

This the 1st day of February, 2011.

Signed By:
Robert E. Wier
United States Magistrate Judge