UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 10-11-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARSHALL D. WILLIAMS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Marshall DeWayne Williams' Objections [Record No. 102] to an Order by the Magistrate Judge [Record No. 93] denying his request to proceed *pro se* because he failed to unequivocally, knowingly, and intelligently waive his Sixth Amendment right to counsel. For the following reasons, Williams' objections will be overruled and the Magistrate Judge's Order will be affirmed.[1]

**I.     Background**

   **A.     Procedural History**

Defendant Marshall Williams was indicted on July 1, 2010, on two counts: intimidating a federal officer and possessing contraband in a prison facility. [*See* Record No. 1] On July 27,

---

[1] Having reviewed the authorities cited by Williams in his objections to the Magistrate Judge's Order following the *Faretta* hearing, the Court determined that it was not necessary to await a response to the objections from the United States. However, in the event the United States wishes to respond to the defendant's objections, it is not precluded from doing so within the time previously set by the Court.

2010, Williams submitted a motion indicating his desire to represent himself and requesting a *Faretta* hearing. [Record No. 13] Then, pursuant to 18 U.S.C. § 4241(a) and on its own motion, the Court directed Williams to undergo a psychological and psychiatric evaluation. [Record No. 23] Following that evaluation, Magistrate Judge Robert E. Wier granted Williams' motion and conducted a *Faretta* hearing. [Record No. 88]

### B. *Faretta* Hearings

The Magistrate Judge first held a hearing on January 24, 2011, to address the *Faretta* issue and other pending motions. [Record No. 88] The Magistrate Judge addressed Williams' competency and, after considering the testimony by Williams and reviewing the psychological evaluation, recommended that Williams be found competent to stand trial. [*Id.*; *see also* Record Nos. 87, 95] When the Magistrate Judge turned to the issue of self-representation, Williams asserted that he wished to represent himself, but that he would not waive a claim to effective assistance of standby counsel. To further research the issue and fully inform Williams of his rights, the Magistrate Judge suspended the hearing for seven days and allowed the parties to submit briefs on the matter. [Record No. 88]

During the subsequent hearing which was held on January 31, 2011, Magistrate Judge Wier explained to Williams that "the rights at issue, self-representation and the right to assistance of — to the assistance of counsel are — mutually exclusive rights." [Record No. 103, p. 5] He further informed Williams that "the notion of standby counsel is within the Court's discretion, is not a constitutional right, not something a defendant is entitled to." [*Id.*, p. 6] Magistrate Judge Wier then explained Williams' options to him:

> So I think the defendant's options are to pursue self-representation, which would call for the Court to go through the *Faretta* analysis and the colloquy to determine whether the defendant is waiving that right in a knowing and voluntary and intelligent manner, and that he's competent to make that waiver, or to remain represented in the case.

[*Id.*, pp. 5–6] Following this explanation, Williams continued to argue that he wished to "exercise my right to represent myself with the effective assistance of counsel" [*Id.*, p. 7] to which Magistrate Judge Wier responded, "I don't think those two things go together." [*Id.*] Magistrate Judge Wier reiterated, "[f]irst, you don't have any right to standby counsel, period." [*Id.*, p. 9] "Secondly, and perhaps because of the first, because you have no right to appointment of standby counsel, you cannot then complain if you have standby counsel that you think performs unacceptably." [*Id.*] Unfazed, Williams responded, "Well, what I would like to do, Your Honor, is exercise my right to represent myself with Mr. Curtis appointed as standby counsel. And as standby counsel, I expect that Mr. Curtis will fulfill all his obligations, duties, and responsibilities to his client as required by the *McKaskle* case." [*Id.*, p. 11]

Finally, Magistrate Judge Wier outlined the law for a third time, and allowed Williams time to consult with his attorney before making a final decision. [*Id.*, pp. 14–19] After a recess, Williams indicated a wish to proceed, so Magistrate Judge Wier conducted the *Faretta* colloquy. [*Id.*, pp. 20–39] At numerous points, Williams acknowledged that he would only proceed if guaranteed standby counsel. In other words, his waiver was clearly conditional. His position is exemplified by the following exchange:

> **THE COURT**: I'm just making sure you understand that if you represent yourself, you would not have the same access to legal materials, research, and other resources of that variety, as your counsel would have if you were represented by counsel. Do you understand that?

> **THE DEFENDANT**: No, sir. I disagree with that.
>
> **THE COURT**: And why is that?
>
> **THE DEFENDANT**: Because counsel is required to provide effective assistance to the criminal defendant.
>
> **THE COURT**: Okay. Again, you're saying you want to represent yourself, but it would be conditioned on having a lawyer who could access those things for you; is that correct?
>
> **THE DEFENDANT**: Yes, sir. That's correct.

[*Id.*, p. 37]

After this colloquy, Magistrate Judge Wier found: "[u]pon examination under oath, Williams did not unequivocally assert his right to self-represent." [Record No 93, p. 3 (citing *United States v. Mendez-Sanchez*, 563 F.3d 935, 946 (9th Cir. 2009) (noting as equivocal request "where a defendant says: '[i]f the court will appoint standby counsel, I would like to represent myself.'"); *United States v. Keinenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) (noting that defendant whose requests to self-represent "were always accompanied by his insistence that the court appoint 'advisory' or 'standby' counsel to assist him . . . never relinquished his right to be represented by counsel at trial. His requests to represent himself were not unequivocal."))] Magistrate Judge Wier further explained that "Williams's resistance to the legal reality of the Sixth Amendment dynamic led the Court to conclude that any counsel waiver would not be knowing and intelligent." [Record No. 93, p. 4]

### C. Williams' Objections

On February 15, 2011, pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, Williams objected to the Magistrate Judge's Order. [Record No. 102] Williams did

not object to the factual findings made by the Magistrate Judge. Importantly, he did not object to the finding that his waiver was conditional and not made intelligently and knowingly. Rather, Williams only objected to the legal authority explained by the Magistrate Judge at the *Faretta* hearing and in his subsequent Order.

Williams' argument rests on what he believes to be a significant distinction between the terms "representation" and "assistance." He believes that "representation" entails examining witnesses, objecting to evidence, and making motions. However, he believes there is a separate aspect of the attorney-client relationship known as "assistance." "Assistance," in Williams' mind, constitutes being on standby in case he is unable to proceed in his own defense. It also entails advising him on procedural rules and legal matters when necessary or requested. Williams believes that, in order to proceed *pro se* under *Faretta*, he must waive his right to "representation" but not his right to "assistance." In other words, Williams maintains that he would like to proceed *pro se* but nevertheless be guaranteed the effective assistance of his standby counsel. Williams also believes there is a substantive distinction between the term "hybrid representation" — to which he agrees he is not entitled — and the "self-representation with the effective assistance of counsel" that he requests.

**II. Analysis**

When the Court reviews a magistrate judge's order entered pursuant to 28 U.S.C. § 1963(b)(1)(A), the Court is confined to a limited standard of review. *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but

under a limited standard of review." (citing 28 U.S.C. § 636(b)(1)(A))). Under this standard, the magistrate judge's determination may be overturned by the district court only if it is "clearly erroneous or contrary to law." *Id.* Williams did not object to any factual findings made by Magistrate Judge Wier. Therefore, the Court reviews the Order to determine whether it is contrary to law.

The Supreme Court has held that the Sixth Amendment right to the assistance of counsel "implicitly embodies a 'correlative right to dispense with a lawyer's help.'" *United States v. Faretta*, 422 U.S. 806, 814 (1975) (citing *Adams v. United States*, 317 U.S. 269, 279 (1942)). The *Faretta* Court recognized that "in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts." *Id.* at 834; *see also id.* at 835 ("When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel."). "For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo these relinquished benefits." *Id.* (citing *Johnson v. Zerbst*, 304 U.S. 458, 464–65 (1938)). Following this authority, the Sixth Circuit has explained that for a criminal defendant to represent himself, he must knowingly and voluntarily waive his right to counsel. *See United States v. Cromer*, 380 F.3d 662, 680 (6th Cir. 2004). The Sixth Circuit has adopted a rather lengthy colloquy — or series of questions — that a court should ask "to ensure that a defendant's waiver of counsel is knowing and intelligent." *Id.* (citing *United States v. McDowell*, 814 F.2d 245, 247, 250 (6th Cir. 1987)). The waiver of counsel must also be "unequivocal." *United States v. Collins*, 129 F. App'x 213, 217 (6th Cir. 2005). Contrary to this line of cases, Williams continues to assert

that he would like to represent himself without waiving his right to the effective assistance of standby counsel.

The Sixth Circuit has explained that the Sixth Amendment right to counsel and the right to self-representation are "two faces of the same coin, in that the waiver of one right constitutes a correlative assertion of the other." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970) (internal citation omitted). The two rights are "mutually exclusive." *Cromer*, 389 F.3d at 682–83. In other words, a defendant *may not assert both*. *Conder*, 423 F.2d at 908 ("[A] criminal defendant cannot logically . . . assert both rights."). Therefore, when a defendant chooses to represent himself, he "necessarily waives his constitutional right to be represented by counsel." *Cromer*, 389 F.3d at 680; *see also United States v. Utrera*, 259 F. App'x 724, 727 (6th Cir. 2008) ("When a defendant asserts his right to self-representation, therefore, he necessarily waives his right to counsel. Such a decision, however, must be voluntary and knowing."); *Conder*, 423 F.2d at 908 ("The defendant must make a choice, and he should not be permitted to manipulate his choice so that he can claim reversible error on appeal no matter which alternative he apparently chose in the District Court.").

In the present case, Williams seeks to avoid this rule by distinguishing "representation" and "assistance." He admits that he must waive his right to representation, but wants to maintain his right to assistance. The distinction Williams finds is not grounded in the law. The Sixth Amendment guarantees that "the accused shall enjoy the right . . . to have Assistance of Counsel for his defense." U.S. Const. amend. VI. It does not provide for two rights: one to representation of counsel and one to assistance of counsel. Therefore, when the Sixth Circuit

explains that "when a defendant asserts his right to self-representation, he necessarily waives his right to counsel," *Collins*, 129 F. App'x at 217, the "right to counsel" it discusses is the *assistance* of counsel. Neither the text of the Sixth Amendment nor any precedent the Court can find has distinguished between representation and assistance of counsel. Consequently, to assert his right to self-representation, Williams must waive his right entire right to counsel, including *assistance* of counsel.

Further, numerous courts have held that there is no constitutional right to standby counsel. *See, e.g.*, *Mendez-Sanchez*, 563 F.3d at 947 ("[U]nder our established precedent there is no right to the assistance of standby counsel."); *United States v. Windsor*, 981 F.2d 943, 947 (7th Cir. 1992) ("This court knows of no constitutional right to effective assistance of standby counsel."); *McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985) (explaining that while the appointment of standby counsel "is the preferred practice[,] it is not mandatory"). This Court fully agrees. If Williams chooses to represent himself, there is no guarantee he will have standby counsel appointed. *See United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996) ("Appointment of standby counsel is within the discretion of the district court, and a *pro se* defendant does not enjoy an absolute right to standby counsel."). Therefore, to the extent his waiver relies on such a guarantee, it is not knowingly and intelligently made.

Additionally, there is no distinction, as Williams would like to believe, between "self-representation with effective assistance of standby counsel" and "hybrid representation." The Sixth Circuit has plainly held – and Williams understands – that there is no right to "hybrid

representation." *United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987). The Sixth Circuit further explained:

> While a defendant has a Sixth Amendment right to have counsel conduct his entire defense, *see, e.g.*, *Gideon v. Wainwright*, 372 U.S. 335 (1963), or to proceed pro se, *see Faretta v. California*, 422 U.S. 806 (1975), he has no constitutional right to demand "hybrid representation," such as conducting his own defense with the occasional assistance of counsel. *United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987).

*Wilson v. Hurt*, 29 F. App'x 324, 327 (6th Cir. 2002); *see also Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006) ("The *Faretta* right and the appointment of standby counsel inherently conflict which, taking into account that hybrid representation is not required, *McKaskle*, 465 U.S. at 183, supports the conclusion that there is no right to standby counsel."). Hybrid representation is *any* attempt to blend the right of self-representation with the right to counsel, even "standby counsel." *See Simpson*, 458 F.3d at 597. Hybrid representation is not limited, as Williams argues, to instances where standby counsel participates in examining witnesses or presenting arguments. The rule that a defendant has no right to hybrid representation means that a defendant may not claim *both* a right to self-representation and a right to assistance of counsel — in any form.

Finally, even if the Court were, in its discretion, to appoint standby counsel, there is no constitutional remedy to challenge that counsel's effectiveness. "Without a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel." *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998). By choosing to represent himself, and thereby waiving his Sixth Amendment right to the "*Assistance* of Counsel" U.S. Const. amend. XI (emphasis added), Williams forecloses all future challenges to the adequacy

of his representation. *See Faretta*, 422 U.S. at 834 n.46. This foreclosure extends to challenges to the adequacy of standby counsel.

### III. Conclusion

The Magistrate Judge's Order [Record No. 93] contains no legal errors and it is not contrary to law. Williams is not entitled to assert a right to self-representation, conditioned on the appointment of standby counsel. His attempted waiver of the right to counsel was not knowing, intelligent, or unequivocal. Therefore, the Magistrate Judge was correct in denying Williams' request to represent himself. Accordingly, it is hereby

**ORDERED** that Defendant Marshall D. Williams' Objections [Record No. 102] are **OVERRULED** and the Magistrate Judge's Order [Record No. 93] is **AFFIRMED**.

This 16th day of February, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge